JAMES DROWN, JR., *versus* JACOB SMITH.

A quitclaim deed containing the following clause, written after the description and before the *habendum*, viz.: — "but the said" grantee "is not to have or take possession till after my decease; and I do reserve full power and control over said farm during my natural life," is valid, notwithstanding it purports to convey a freehold estate to commence *in futuro*.

Where one of the stipulations in the bond in suit was, that the obligor "shall manage the farm in a prudent and husband-like manner;" and the plaintiff contended that it was waste in law for the defendant obligor to cut and sell growing trees for his own use;" — *Held*, it was correct for the presiding Judge to instruct the jury, that the cutting and selling trees is not necessarily waste in this country, in every case where, by the common law of England, it would be so held; that regard is to be had to the condition of the land, and whether good husbandry, as understood and practiced here, requires that the land should be cleared, or the trees felled and marketed; that, to what extent wood and timber may be cut without waste, is a question of fact for the jury; that, by the terms of the agreement recited in the condition of the bond, the defendant was to manage in a prudent and husband-like manner; and, if the cutting and selling of the timber were a violation of this stipulation, it would be a breach of the bond; otherwise, not.

Drown *v.* Smith.

Where a verdict is not *clearly* against the weight of evidence, it will not be set aside as being against the weight of evidence.

ON EXCEPTIONS and MOTION from *Nisi Prius*, WALTON, J., presiding.

The facts appear in the opinion of the Court.

*Bourne, Sen'r,* for the plaintiff.

*Tapley,* for the defendant.

The opinion of the Court was drawn by

WALTON, J. — The plaintiff is step-father to the defendant, and this suit originated in one of those family settlements intended to secure property to a child and support to the parents, — a kind of arrangement very common, and yet almost certain to end in disappointment, and very often in litigation.

The plaintiff conveyed to the defendant certain real estate by a deed containing this clause : — "But the said Smith is not to have or take possession till after my decease ; and I do reserve full power and control over said farm during my natural life." We have decided that such a deed is valid, notwithstanding it purports to convey a freehold estate to commence *in futuro*. *Wyman* v. *Brown,* 50 Maine, 139.

On the same day of the above conveyance, and as part of the same transaction, the defendant executed to the plaintiff a bond with a condition, in which was recited an agreement to support the plaintiff and his wife, and to occupy and man-age the farm in a prudent and husband-like manner, and it is upon this bond, and an allegation that the defendant has not performed the agreement therein recited, that this ac-tion is founded. The defendant pleaded performance, and, upon this issue, the parties went to trial, and the verdict was in favor of the defendant.

The case is before us on motion to set aside the verdict as against evidence, and on exceptions to certain rulings of the presiding Judge.

A careful examination of the evidence has failed to satis-

fy us that the verdict is so clearly against the weight of evidence that we ought to set it aside. The motion, therefore, must be overruled.

As the jury did not reach the question of damages, all rulings bearing upon that question only become unimportant, and need not be considered.

The only rulings excepted to which could, by any possibility, have influenced the jury in determining that there had not been a breach of the bond, and the only ones, therefore, necessary to be considered, are those which related to waste, or bad husbandry.

The exceptions show that the learned counsel, then employed by the plaintiff, contended, as the able counsel, now employed, contends, " that it was waste in law for the defendant to cut and sell growth for his own use," in the manner shown by the evidence ; and cited authorities showing that in England the law was very strict in this respect.

The presiding Judge instructed the jury that " the cutting and selling of growing trees is not necessarily waste in this country, in every case where, by the common law of England, it would be so held ; that regard is to be had to the condition of the land, and whether good husbandry, as understood and practiced here, requires that the land should be cleared, or the trees felled and marketed ; that, to what extent wood and timber may be cut without waste is a question of fact for the jury to decide ; that, by the terms of the agreement recited in the condition of the bond, the defendant was to manage in a prudent and husband-like manner. Was the cutting and selling of the timber a violation of this stipulation ? If so, it would be a breach of the bond ; otherwise not."

We think these instructions were correct. Mr. *Washburn* says, " that many acts which would be waste in England will not be such here, in consequence of the difference in the condition of the two countries." 1 Wash. on Real Prop., 108–9. Chancellor KENT says, the American doctrine is more enlarged, and better accommodated to the cir-

cumstances of a new and growing country, than the English law. 4 Kent, 76. Mr. *Greenleaf* says, "to cut down trees is not always held to be waste here, in every case where, by the common law of England, it would be so held." 2 Greenl. Ev., § 656. "The American doctrine on the subject of waste is somewhat varied from the English law." *Chase* v. *Hazelton*, 7 N. H., 177. To cut decaying trees, in order to give the younger trees a chance to grow, is held not to be waste in Vermont. *Keeler* v. *Eastman*, 11 Vt., 293. To clear wild land, so as to fit it for cultivation, is not necessarily waste. *Jackson* v. *Brownson*, 7 Johns., 227. In *Pynchon* v. *Stearns*, 11 Met., 304, the Court laid it down as a general rule, that, "in this country, no act of a tenant amounts to waste, unless it is or may be prejudicial to the inheritance, or to those who may be entitled to the reversion or remainder," and the Court say that the reasons for the doctrine of waste, as held in England, are inapplicable to this country.

> *Motion and exceptions overruled.*
> *Judgment on the verdict.*

APPLETON, C. J., CUTTING, DAVIS and DICKERSON, JJ., concurred.